UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE WEAVER, et al.,

               Plaintiffs,

       -against-

THE NEW YORK CITY HOUSING
AUTHORITY, et al.,

             Defendants.

1:19-CV-10760 (CM)

ORDER DIRECTING PAYMENT OF FEES
OR IFP APPLICATIONS

COLLEEN McMAHON, Chief United States District Judge:

Plaintiffs bring this action *pro se*. To proceed with a civil action in this Court, the plaintiffs must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees, each plaintiff must submit a separate completed and signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiffs submitted their complaint without paying the relevant fees or Plaintiffs Weaver, Naseva, Concepción, and Halasa each filing a separate IFP application.[1] Within thirty days of the date of this order, Plaintiffs must either pay the $400.00 in fees or Plaintiffs Weaver, Naseva, Concepción, and Halasa must each complete, sign, and submit a separate IFP application.[2] If Plaintiffs Weaver, Naseva, Concepción, or Halasa submits an IFP application, it should be labeled with docket number 19-CV-10760 (CM). If the Court grants a plaintiff's IFP application, that plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

---

[1] Plaintiff Flores is the only plaintiff to have filed an IFP application.

[2] An IFP application form is attached to this order.

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to each individual plaintiff, and note service on the docket. No summons shall issue at this time. If Plaintiffs comply with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If any individual plaintiff fails to comply with this order within the time allowed, the Court will dismiss that individual plaintiff's claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 20, 2019
           New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge