UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE WEAVER; VERA NASEVA; LUZ
CONCEPCIÓN; LUIS FLORES, each on
their own behalf and collectively on behalf of
all others similarly-situated; FIGHT FOR
NYCHA,

                         Plaintiffs,

                     -against-

THE NEW YORK CITY HOUSING
AUTHORITY; GREGORY RUSS, Chair and
CEO; THE CITY OF NEW YORK; BILL DE
BLASIO, Mayor of the City of New York;
GALE BREWER, individually as President of
the Borough of Manhattan and acting,
collectively, by and through her aide, BRIAN
LEWIS,

                        Defendants.

1:19-CV-10760 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Fight for NYCHA and Plaintiffs Weaver, Naseva, Concepción, and Flores bring this action *pro se*. They bring this action on their own behalf and "on behalf of all others similarly-situated." (ECF 11, at 1.) They describe their operative pleading as an "Amended Class Action Complaint." (*Id.*) By order dated November 20, 2019, the Court directed Plaintiffs Weaver, Naseva, Concepción, and Halasa, within thirty days, to each complete, sign, and submit a separate *in forma pauperis* ("IFP") application. In the alternative, Plaintiffs could pay the relevant fees to bring this action.

      On November 25, 2019, Fight for NYCHA and Plaintiffs Weaver, Naseva, and Concepción each filed an IFP application.[1] Two days later, Plaintiff Flores filed a letter in which

---

[1] Plaintiff Flores filed his own IFP application with the original complaint. (ECF 1.) Plaintiff Halasa did not submit her own IFP application, but signed Fight for NYCHA's IFP

he asserted that Fight for NYCHA "is the correct plaintiff, not its coordinating committee members. This means[] Marni Halasa and Louis Flores, as coordinating committee members[,] should not be filing IFP applications on behalf of Fight for NYCHA." (ECF 10). The letter also noted that Plaintiff Flores "is a correct co-plaintiff, as a result, he has filed a personal IFP application." (*Id.*)

On December 2, 2019, Plaintiffs Weaver, Naseva, Concecpión, Flores, and Fight for NYCHA filed an amended complaint. On that same date, Plaintiffs filed an amended application for an order to show cause for a preliminary injunction and temporary restraining order (ECF 12), and Plaintiff Flores filed a declaration in support of that application (ECF 13).

On December 6, 2019, the Court granted the IFP applications of Plaintiffs Flores, Weaver, Naseva, and Concepción.

On December 11, 2019, Halasa filed a declaration. (ECF 18.) Five days later, Plaintiff Flores filed a letter in which he makes additional disclosures with regard to his IFP application and seems to request an extension of time for Halasa to comply with the Court's November 20, 2019 order. (ECF 19.)[2]

For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

application, along with Plaintiff Flores, in their capacities as the members of Fight for NYCHA's coordinating committee. (ECF 6.)

[2] Halasa is not listed as a plaintiff in the amended complaint's caption, but she has signed the amended complaint in her capacity as a member of Fight for NYCHA's coordinating committee. The Court therefore regards any claims Halasa previously asserted in this action in her personal capacity as abandoned. Halasa is no longer a party to this action.

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

**BACKGROUND**

Plaintiffs bring this action on behalf of themselves and others similarly situated – they seek to proceed as a class action. They assert claims under 42 U.S.C. § 1437d(j)(3) and 24 C.F.R. § 5.703(c), (d)(1), and (g), as well as under state law. They also assert that the defendants have violated their federal constitutional rights. They seek injunctive, declaratory, and other relief.

Plaintiffs Weaver, Naseva, and Concepción allege that they are residents of apartment buildings in Manhattan that are owned and operated by the New York City Housing Authority ("NYCHA"), a public housing authority created by state law. Plaintiff Flores alleges that he has applied for NYCHA housing. Fight for NYCHA alleges that it "is an unincorporated association of tenants, activists, and artists, who oppose any privatization of public housing assets." (ECF 11, at 8.) Fight for NYCHA also alleges that it is "managed by its Co[o]rdinating Committee" and that Flores and Halasa are the members of that committee. (*Id.*)

Plaintiffs sue (1) NYCHA, (2) Gregory Russ, NYCHA's Chairman and Chief Executive Officer, (3) the City of New York, (4) Bill De Blasio, the Mayor of the City of New York, (5) Gale Brewer, the Manhattan Borough President, and (6) Brian Lewis, Brewer's aide. They allege that an unspecified previous settlement agreement regarding NYCHA funding "is inadequate to provide NYCHA residents with decent and safe housing." (*Id.* at 12.) They oppose Mayor De Blasio's alleged plans to privatize one third of NYCHA housing, rezone public housing campuses, demolish public housing buildings, and sell the air rights of public housing buildings. They assert that Mayor De Blasio has created the Mayor's NYCHA Working Group ("Working Group") "to counteract" their protests of his plans and to advance his plans. (*Id.* at 14.) And they state that "[t]here was no democratic process followed for the formation of" the Working Group. (*Id.*)

Plaintiffs allege that Working Group meetings have been kept secret and have taken place in unknown locations that have been closed to NYCHA residents and the public at large. They assert that "[b]y conducting closed-door [Working Group] meetings . . . Defendants and other elected Government officials and/or their representatives have deprived Plaintiffs . . . from having any participation in discussions about the possible disposition and development of public housing assets." (*Id.* at 15.) Plaintiffs also assert that the Working Group has instituted a "gag rule," which prevents its members from speaking publicly about the Working Group meetings. (*Id.*) They further assert that the Working Group members are participating in secret communications with each other outside those meetings. And they describe those acts as "undemocratic." (*Id.*)

Plaintiffs allege the following additional facts: On October 24, 2019, Plaintiff Flores sneaked into a Working Group meeting in Manhattan uninvited, but he was discovered. NYCHA, Working Group, and police officials tried to get him to leave and threatened his arrest. He refused to leave; they allowed him to remain because he threatened "that his arrest would be put on the front page of next morning's edition of the *New York Post*." (*Id.* at 16.) Halasa gained entry to the meeting by telling police she needed to give Flores medication. Plaintiff Naseva and others were denied entry. Fight for NYCHA was able to learn from the meeting of the defendants' plan to demolish two of the NYCHA Fulton Houses buildings (where Plaintiff Weaver resides), privatize the remainder of those buildings, rezone the Fulton Houses to permit the construction of high-rise apartment buildings, and to sell NYCHA's air rights associated with the Fulton Houses.

Plaintiffs were prevented from attending a second secret Working Group meeting that took place in Manhattan on October 29, 2019. Plaintiffs Weaver, Naseva, and Concepción, who

all reside in NYCHA housing, were also denied membership in the Working Group. The Working Group "is an illegal substitute to legally-required democratic processes to achieve genuine community planning, as provided through the Uniform Land Use Review Procedure (the 'ULURP Process')." (*Id.* at 3.)

In their amended complaint, Plaintiffs seek, among other relief, an injunction preventing the defendants "from planning or contracting for the demolition, rezoning, development, or disposition of any and all public housing assets, . . . or the sale of air rights, outside of the lawful procedure." (*Id.* at 35.) They seek the same relief in their amended application for immediate and temporary injunctive relief. (ECF 12.) They also ask the Court, in their amended complaint, to order the City of New York "to deposit . . . $3 billion in security with the District Court and to file . . . plans to issue requests for proposals that would contract the purchase and installation of heating system upgrades to prevent any further wide-spread heating and hot water outages." (ECF 11, at 35.)

## DISCUSSION

**A.** **Fight for NYCHA, proceeding as a class action, and claims and requests on behalf others**

The Court must dismiss Fight for NYCHA's claims. An association or other artificial entity, such as Fight for NYCHA, cannot appear *pro se* in federal court; it can only appear with an attorney. *See, e.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney); *Eagle Assocs. v. Bank of Montreal*, 926 F. 2d 1305, 1308-10 (2d Cir. 1991). None of the current individual plaintiffs, nor Halasa (in her capacity as a Fight for NYCHA coordinating-committee member), assert that they are an attorney. The Court therefore dismisses Fight for NYCHA's claims without prejudice.

The Court must also dismiss any claims, and deny any requests, that the remaining plaintiffs assert on behalf of others, including their request to proceed as a class action. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (citation omitted). Because a nonlawyer cannot bring suit on behalf of others, a nonlawyer *pro se* plaintiff cannot act as a class representative. *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) (summary order) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)); *Phillips v. Tobin*, 548 F.2d 408, 412-15 (2d Cir. 1976). Because none of the remaining plaintiffs assert that they are an attorney, the Court denies the remaining plaintiffs' requests that they assert on behalf of others, including their request to proceed as a class action, and dismisses without prejudice any claims that the remaining plaintiffs assert on behalf of others.[3]

### B.     Claims under federal law

The Court construes the amended complaint as asserting claims under 42 U.S.C. § 1983 that the defendants violated (1) Plaintiffs' rights under the United States Housing Act, 42 U.S.C. § 1437, *et seq.* ("Housing Act") or under 24 C.F.R. § 5.703, (2) Plaintiffs' federal constitutional right to procedural due process by attempting to circumvent the Uniform Land Use Review Procedure ("ULURP"), N.Y.C. Charter § 197-c, and (3) Plaintiffs' First Amendment rights by denying Plaintiffs access to, and participation in, Working Group meetings.

---

[3] Hereafter, the Court will refer to the remaining plaintiffs as "Plaintiffs."

To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

1. **Housing Act or 24 C.F.R. § 5.703.**

Courts within this Circuit have held that neither the Housing Act, nor 24 C.F.R. § 5.703 creates a federal right that is enforceable under § 1983. *See Davis v. N.Y.C. Hous. Auth.*, 379 F. Supp. 3d 237, 244-49 (S.D.N.Y. 2019) (holding that 24 C.F.R. § 5.703 and certain subsections of the Housing Act do not provide an actionable right under § 1983); *Alston v. Sebelius*, No. 13-CV-4537, 2014 WL 4374644, at *15 (E.D.N.Y. Sept. 2, 2014) ("Although the Second Circuit has not addressed this issue, numerous courts, including district courts in this Circuit, have routinely found that no private right of action exists under the Housing Act for the failure to enforce a landlord's compliance with housing quality conditions.") (collecting cases); *Bose v. City of New York*, No. 07-CV-2431, 2008 WL 564761, at *8 (E.D.N.Y. Feb. 27, 2008) ("[P]laintiff has failed to meet her burden in establishing that § 1437f(o)(8) of the Housing Act confers an individual right enforceable through a § 1983 action."); *Harris v. HUD*, No. 93-CV-0397, 1993 WL 276084, at *3 (S.D.N.Y. July 16, 1993) (Section 1437 is a "broad statement of policy [that] does not create a private right of action. In the first place, the declaration of policy commits the United States to help the States remedy the shortage of safe housing for low-income families, not to eliminate all danger from such housing. Second, this statement is the kind of general expression of policy that is not by itself sufficient to create rights in public housing tenants.").

Accordingly, the Court dismisses Plaintiffs' § 1983 claims under the Housing Act or 24 C.F.R. § 5.703 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(ii).

## 2. Procedural due process

The Court must also dismiss Plaintiffs' claims that the defendants' alleged efforts to circumvent ULURP violated their right to procedural due process. "In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). The United States Court of Appeals for the Second Circuit has held that "plaintiffs do not have a liberty interest in the procedures established by the New York City Charter[,]" including ULURP. *BAM Historic Dist. Ass'n v. Koch*, 723 F.2d 233, 236 (2d Cir. 1983). "ULURP concern[s] solely procedural requirements. Therefore, [ULURP] create[s] no liberty interest protected by the Fourteenth Amendment." *Id.* at 237.

Plaintiffs have no liberty interest in having ULURP carried out. They have therefore failed to state a claim that the defendants violated their right to procedural due process by attempting to circumvent ULURP. The Court therefore dismisses Plaintiffs' claims that the defendants violated their right to procedural due process for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

## 3. First Amendment claims

The Court must further dismiss Plaintiffs' claims that the defendants have violated their First Amendment rights by denying them access to, and participation in, Working Group meetings. "The Constitution does not grant to members of the public generally a right to be heard by public bodies making decisions of policy." *Minn. State Bd. for Cmty. Coll. v. Knight*, 465 U.S. 271, 283 (1984); *see id.* at 284 ("Policymaking organs in our system of government have never operated under a constitutional constraint requiring them to afford every interested member of the public an opportunity to present testimony before any policy is adopted."). Thus, Plaintiffs

"have no constitutional right to force the government to listen to their views." *Id.* at 283. And their "right to speak is not infringed when government simply ignores [them] while listening to others." *Id.* at 288. Nor is it infringed when government officers refuse to appoint Plaintiffs to government committees. *Id.* at 289.

Accordingly, the Court dismisses Plaintiffs' claims that the defendants violated their rights under the First Amendment for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### C. Claims under state law

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiffs may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### D. Leave to amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

10

Because the defects in the amended complaint cannot be cured with further amendment, the Court declines to grant Plaintiffs leave to amend.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiffs Weaver, Naseva, Concepción, and Fight for NYCHA, and note service on the docket. Plaintiff Flores has consented to electronic service of Court documents. (ECF 5.) The Court dismisses this action.

The Court dismisses Fight for NYCHA's claims without prejudice.

The Court denies the remaining plaintiffs' requests brought on behalf of others, including their request to proceed as a class action. The Court also dismisses those plaintiffs' claims that they assert on behalf of others without prejudice.

The Court dismisses the remaining plaintiffs' own claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to consider any state-law claims. 28 U.S.C. §1367(c)(3).

The Court denies as moot any pending requests for immediate injunctive relief. (ECF 12.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: December 20, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge